# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICIA A. NEWBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-1301-JAR-DJW |
| | ) |
| HAWKER BEECHCRAFT | ) |
| CORPORATION, and | ) |
| CLAY GRAHAM, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Defendant Hawker Beechcraft Corporation filed for Chapter 11 bankruptcy relief in May 2012. On August 21, 2012, while the automatic bankruptcy stay was still in effect, Plaintiff Patricia A. Newby filed this case alleging employment discrimination by her former employer, Hawker Beechcraft, and Clay Graham, the company's Senior Manager/Human Resources. Hawker Beechcraft filed a Status Report Regarding Bankruptcy (Doc. 5) with this Court on February 27, 2013, informing the Court that the United States Bankruptcy Court for the Southern District of New York had confirmed its Chapter 11 Amended Plan of Reorganization, which provides for, among other things, the discharge of Hawker Beechcraft from debts and claims that arose before February 1, 2013, in return for the distributions, rights and treatment provided in the Amended Plan.

Newby's claim against Hawker Beechcraft arose before February 1, 2013, and her claim is of the type included in Class B of the Amended Plan. Accordingly, the Court required Newby to show cause by March 28, 2013 as to why this case should not be dismissed (Doc. 7). Newby

has responded (Doc. 10), alleging that she was discriminated against, that she has suffered significant damages, that she needs discovery in order to ascertain the extent of those damages, and that there may be insurance applicable to her claim. Hawker Beechcraft has replied (Doc. 11), and Newby was granted leave to file a sur-reply, which attached a Proof of Claim form sent to Hawker Beechcraft during the bankruptcy proceedings (Doc. 15).

The Court finds that Newby has failed to show sufficient cause why the case should not be dismissed with prejudice. Hawker Beechcraft's Amended Plan of Reorganization states, in relevant part:

> Except as otherwise provided in the Plan or the Confirmation Order, all Entities who have held, hold or may hold Claims, Interests, Causes of Action, or liabilities that: (1) are subject to compromise and settlement pursuant to the terms of the Plan; . . . or (5) are otherwise stayed or terminated pursuant to the terms of the Plan, are permanently enjoined and precluded, from and after [February 1, 2013], from commencing or continuing in any manner any action or other proceeding, including on account of any Claims, Interests, Causes of Action, or liabilities that have been compromised or settled against the Debtors, the Reorganized Debtors, or any Entity so released or exculpated (or the property or estate of any Entity, directly or indirectly, so released or exculpated) on account of or in connection with or with respect to any released, settled, compromised, or exculpated Claims, Interests, Causes of Action, or liabilities.[1]

Under the Bankruptcy Code, the confirmation of such a plan "discharges the debtor from any debt that arose before the date of such confirmation."[2] The Amended Plan also states that when the amount of Plaintiff's claim becomes liquidated and allowed, she will stand to receive up to 6.6% of that amount.

---

[1] Doc. 5, Ex. 1 at 57.

[2] *See* 11 U.S.C. § 1141(d)(1)(A) (2010).

To the extent Plaintiff seeks relief from the automatic stay and subsequent injunction, this Court lacks jurisdiction over any such request, which must be made to the bankruptcy court with jurisdiction over the bankruptcy case.[3] At the end of the bankruptcy proceedings, the automatic stay was replaced with a permanent injunction under 11 U.S.C. § 524, and Plaintiff's request that this Court disregard or modify the injunction is improper.[4]

Nor can Plaintiff proceed based on her apparent assertion that her race discrimination claim is an exception to discharge. As Hawker Beechcraft points out, many federal courts, including the Tenth Circuit, have considered the issue of whether employment discrimination claims that arose prior to confirmation of the bankruptcy plan survive the order of discharge.[5] "The burden of proof of establishing the nondischargeability of a claim lies with the creditor. In the absence of an objection to discharge, the order of discharge is binding on the creditor, unless one of the exceptions in 11 U.S.C. § 523(a)(3) applies."[6] Plaintiff, who does not contend she did not receive notice of the bankruptcy, has failed to meet this standard.

Finally, as Hawker Beechcraft acknowledges, it had employment practices liability insurance coverage in effect during the period of Plaintiff's employment. In its reply, Hawker

---

[3] *See Stewart v. Steller*, No. 2:07-cv-00552-CW-EJF, 2012 WL 6029103, *1 (D. Utah Dec. 4, 2012) (noting a motion to lift the automatic stay should be denied by a district court, "because such a request must be made to the bankruptcy court with jurisdiction over the bankruptcy case"); *In re Dominguez*, 312 B.R. 499, 505 (Bankr. S.D.N.Y. 2004) ("*only* a bankruptcy court has jurisdiction to terminate, annul or modify the automatic stay") (emphasis in original)).

[4] *See In re Peterson*, 118 B.R. 801, 802 (Bankr. D. N.M. 1990) (explaining "[t]his Court cannot give greater or lesser discharges.").

[5] *See, e.g.*, *Jaurdon v. Cricket Commc'ns, Inc.*, 412 F.3d 1156, 1158 (10th Cir. 2005) (finding that the confirmation of a plan in a Chapter 11 bankruptcy discharged the employer from pre-petition claim by the employee because the employee received formal notice of the bankruptcy); *Selman v. Delta Airlines*, No. CIV 07-1059, 2008 WL 6022017, *11 (D. N.M. Aug. 13, 2008) (collecting cases).

[6] *Thomas v. Turner*, 54 F.3d 788 (10th Cir. 1995) (table) (internal citations omitted).

3

Beechcraft clarified the terms of that coverage.[7] The policy has a $500,000 self-insured retention, meaning that the insurance coverage does not apply until after Hawker Beechcraft has paid the first $500,000 of any attorney's fees, judgment, or other expenses. In this case, there is no first dollar coverage on Plaintiff's claim. Instead, the policy requires Hawker Beechcraft to pay the first $500,000 of any judgment, fees, and expenses. Accordingly, it is not possible to pursue the insurance coverage without pursuing the discharged claim against Hawker Beechcraft, which would violate the discharge approved by the bankruptcy court.

For these reasons, the Court finds that Newby's claims should be dismissed with prejudice for failure to show sufficient cause, pursuant to the Court's order.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed with prejudice for the reasons stated above.

**IT IS SO ORDERED.**

Dated: May 29, 2013

                                             S/ Julie A. Robinson

                                             JULIE A. ROBINSON

                                             UNITED STATES DISTRICT JUDGE

---

[7]Doc. 11, Ex. 4.